# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAELA M. CARROLL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-cv-00773-NKL |
| SPECIALIZED LOAN SERVICING, INC., | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Specialized Loan Servicing, Inc.'s motion to dismiss, Doc. 12. For the following reasons, SLS's motion is granted.

### I. Background

In 2006, Carroll took out a residential mortgage for the purchase of her home. Servicing of her mortgage was transferred to American Servicing Company in 2006, and ultimately to defendant SLS in 2016. Admittedly, Carroll "fell behind in her mortgage payment in the summer of 2016." Doc. 1-1 (Petition), ¶ 13. In February 2017, Carroll received a loan modification from SLS and made the first two trial period payments. Shortly thereafter, SLS allegedly directed her to "cease making any further payments" because of alleged fraud. *Id.* at ¶ 19. Carroll sought a second loan modification in the summer of 2017 and alleges she made one additional trial payment in August 2017. However, Carroll alleges that because SLS "refused to confirm receipt of [her] payment, [she] ceased making payments." *Id.* at ¶ 28.

Carroll then filed for Chapter 13 bankruptcy in January 2018. She alleges that during the pendency of the 2018 bankruptcy, "SLS contacted [her] on February 7, 2018[,] regarding the debt

in bankruptcy." *Id.* at ¶ 32. Her bankruptcy was dismissed in June 2018. Thereafter, Carroll sought a third loan modification from SLS. SLS "refuse[d] to review" the loan modification paperwork on the basis that the foreclosure sale date placed on the property was "too near in time to the date the documents were received for a review to be conducted." *Id.* at ¶ 37.

Carroll then filed suit in Henry County Circuit Court, claiming that SLS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and for wrongful foreclosure. *Id.* at ¶¶ 42–52. SLS removed the Petition to federal court and now moves for dismissal.

## II. Discussion

SLS argues that Carroll's Petition should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, a complaint must include enough facts "to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. For purposes of the pending motion to dismiss, Carroll's Petition is liberally construed in the light most favorable to her. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

### A. FDCPA Claim

FDCPA liability turns on "whether an unsophisticated consumer would be harassed, misled or deceived by" a debt collector's acts. *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). To state a claim for an FDCPA violation, a plaintiff must allege that 1.) plaintiff is a consumer, 2.) the payment obligation defendant seeks to recoup was a "debt" as

defined by the statute, 3.) the defendant is a "debt collector" as defined by the statute, and 4.) the defendant violated any of the protections afforded by the FDCPA. *Morgan v. Vogler Law Firm, P.C.*, No. 4:15-CV-1654 SNLJ, 2017 WL 4387351, at *4 (E.D. Mo. Oct. 3, 2017) (citing *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011)). The Petition cites to only one specific provision of the FDCPA—15 U.S.C. § 1692e(2)(A). Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsection (2)(A) makes any false representation of "the character, amount, or legal status of any debt" a violation of the Act. *Id.* at § 1992e(2)(A).

However, the Petition includes no facts, or even conclusory allegations, that SLS misrepresented the status of Carroll's loan. Carroll makes only two specific allegations related to her FDCPA claim: 1.) that "SLS's conduct in refusing to cooperate with [her] regarding her loan modification was a direct cause of her loan modification's failure," Doc. 1-1, ¶ 44, and 2.) that "SLS's conduct in contacting [her] regarding her mortgage debt during her bankruptcy was a violation of the Automatic Stay of Bankruptcy," *id.* at ¶ 45. However, as pled, neither appears to have bearing on the FDCPA.

The Petition fails to articulate how refusal to cooperate with a loan modification equates to an FDCPA violation and identifies no representation made or conduct by SLS that was false, deceptive, or misleading. *Williams v. All. One Receivables, Mgmt., Inc.*, No. 10-0070-CV-W-ODS, 2010 WL 11619044, at *2 (W.D. Mo. May 27, 2010) (finding plaintiff failed to allege a violation of § 1692e where plaintiff identified "no statement or conduct that was false, deceptive, or misleading"). Carroll provides no factual allegations in her Petition to support the inference that SLS's "refusal to cooperate" with a loan modification involved a misrepresentation of the character, amount, or legal status of her debt, and identifies no legal authority to support the

3

assertion that SLS's determination to decline to evaluate her most recent modification request violates the FDCPA.[1]

In addition, Carroll has identified no authority, and the Court is aware of none, stating that mere contact with a pro se party in bankruptcy violates the FDCPA. The only factual allegation related to this claim is that SLS "contacted Plaintiff on February 7, 2018[,] regarding [her] debt in bankruptcy." Doc. 1-1, ¶ 32. Carroll summarily asserts in her opposition that SLS contacting her "was a false representation of the character[,] amount or legal status of the debt." Doc. 14, p. 3. But the mere allegation that a communication regarding a debt occurred does not necessarily rise to the level of an FDCPA violation. Rather, a plaintiff must allege communication "in connection with the collection of any debt" among the abusive, harassing, false, or misleading practices prohibited by the Act. 15 U.S.C. § 1692e. Carroll has not alleged a single false representation made by SLS regarding the character, amount, or legal status of her loan, nor has she alleged any other violation of the FDCPA. Therefore, Carroll's FDCPA claim is dismissed.

**B. Wrongful Foreclosure Claim**

Carroll's wrongful foreclosure claim seeks to recover damages for "interest, penalties, late fees, and . . . significant loss of equity" in her home. Doc. 1-1, ¶ 52. To state a claim for wrongful foreclosure, a plaintiff must allege: 1.) the commencement of a foreclosure by sale of a deed of trust; 2.) no default giving rise to a right to foreclosure at the time the foreclosure proceeding began; and 3.) that the foreclosure was void. *Barnes v. Fed. Home Loan Mortg. Corp.*, No. 5:12-

---

[1] Carroll's Suggestions in Opposition similarly fail to illuminate the basis of her alleged FDCPA claim. Her opposition makes only the conclusory allegation that "SLS violated the FDCPA by using false, deceptive, or misleading representation [sic] or means with the collection of the mortgage debt by refusing to cooperate with Plaintiff's several attempts at loan modification." Doc. 14, p. 3. Carroll identifies no letters, phone records, electronic communications, or other documentation showing that SLS did not act in compliance with the law.

CV-06062-DGK, 2013 WL 1314200, at *2 (W.D. Mo. Mar. 28, 2013) (citing *Dobson v. Mortg. Elec. Reg. Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008), *aff'd* 550 F. App'x 340 (8th Cir. 2014)).

However, Carroll does not allege that a foreclosure sale has actually occurred. The Petition instead alleges that "SLS has scheduled and refused to move or remove a foreclosure sale date for August 21, 2018." Doc. 1-1, ¶ 48. While that date has since passed, SLS asserts that "no foreclosure sale has actually occurred," and Carroll does not challenge that assertion. Doc. 13 (SLS Suggestions in Support of Motion to Dismiss), p. 7. Absent an allegation that a foreclosure has commenced, Carroll's wrongful foreclosure claim is, at best, premature. Thus, Carroll's wrongful foreclosure claim is dismissed.

## III. Conclusion

For the foregoing reasons, SLS's motion to dismiss, Doc. 12, is granted. The case is dismissed without prejudice.

                                                 s/ Nanette K. Laughrey
                                                 NANETTE K. LAUGHREY
                                                 United States District Judge

Dated: December 13, 2018
Jefferson City, Missouri